UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MARIA RODRIGUEZ,           )
           )
      Plaintiff,    )   CIVIL ACTION NO.
           )
  vs.           )   COMPLAINT
           )
           )
DEVILLE ASSET MANAGEMENT  )
           )
      Defendant.    )
           )
           )
           )

## COMPLAINT

Plaintiff, MARIA RODRIGUEZ ("Plaintiff"), by and through undersigned counsel, by way of Complaint against Defendant, DEVILLE ASSET MANAGEMENT ("Defendant"), states as follows:

## JURSIDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

2. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in the District of Columbia, and is a "consumer" as used and defined under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant is a debt collector within the meaning of the FDCPA because it uses the mails in a business that regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 1132 Glade road, Colleyville, Texas 76034.

5.      Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the

FDCPA.

## FACTUAL ALLEGATIONS

6.      Upon information and belief, on a date better known by Defendant, Defendant began to

attempt to collect an alleged medical debt owed by Plaintiff.

7.      The alleged debt arises from transactions for personal, family and household purposes.

8.      On December 3, 2015 at 11:49 am, Defendant attempted to contact Plaintiff via

telephone and left a voicemail message in an attempt to collect the alleged obligation which

stated as follows:

> Hey, this is Courtney Rose.  Maria, can you call me back today at De
> Ville? 469-293-4962.

9.      In response, Carlos Morales, Plaintiff's fiancée called Defendant to gain additional

information about the purpose of the call.

10.     During this phone call, Defendant disclosed to Mr. Morales that the call for Maria was

regarding a debt that needed to be paid.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692(e)(11)

11.     Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporates

them as if set forth at length herein.

12.     Plaintiff received a voicemail message from Defendant in an attempt to collect on an

alleged debt.

13.     In the voicemail left for Plaintiff, Defendant's representative failed to disclose that the

communication was from a debt collector.

14.     Defendant's failure to notify Plaintiff that the phone call was from a debt collector violates 15 U.S.C. §1692(e)(11), which states in pertinent part that it is a violation to fail to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and to fail to disclose in each subsequent communication that the communication is from a debt collector.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d(6)**

15.     Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as if set forth at length herein.

16.     Plaintiff received a voicemail message from Defendant in an attempt to collect on an alleged debt.

17.     Defendant's voicemail to Plaintiff without identifying the nature of its business violates 15 U.S.C. §1692d(6), which prohibits the placement of telephone calls without meaningful disclosure of identity.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692c(b)**

18.     Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as if set forth at length herein.

19.     Defendant disclosed to Plaintiff's fiancée that they were calling Plaintiff regarding a debt that needed to be paid.

20.     Defendant's actions violate 15 U.S.C. § 1692c(b) which prohibit disclosure of the debt to unauthorized third parties.

## JURY TRIAL DEMAND

21.     Plaintiff demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, MARIA RODRIGUEZ, respectfully requests that this Court

enter judgment against Defendant, and on behalf of Plaintiff, and requests the following:

a.     That an Order be entered declaring Defendant's actions, as described above, in violation

of the FDCPA;

b.     That a Judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C.

§1692k(a)(1);

c.     That a Judgment be entered against Defendant for statutory damages, pursuant to 15

U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.     That this Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k

(a)(3); and

e.     That this Court grant such other and further relief as may be just and proper.

Respectfully Submitted,


S/_____
Jonathan B. Bolls, Esq.
6297 Levi Court
Springfield, VA 22150
(T) 703-593-2354
(E) jonathanbolls@hotmail.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) 201-461-0059
(F) 201-608-7116

June 8, 2016

4